J-S46030-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 205 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 211 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,

CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 212 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 213 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,

CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 214 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 215 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,

CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 216 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 217 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,

CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| FILIPE FIGUEROA | : | |
| Appellant | : | No. 218 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| FILIPE FIGUEROA | : | |
| Appellant | : | No. 219 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019

In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 220 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 221 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 222 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |

J-S46030-20

|  |  |  |
|---|---|---|
| Appellant | : | No. 223 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| FILIPE FIGUEROA | : |  |
|  | : |  |
| Appellant | : | No. 224 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| FILIPE FIGUEROA | : |  |

- 8 -

:
Appellant      :    No. 225 EDA 2020

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FILIPE FIGUEROA | : | |
| | : | |
| Appellant | : | No. 226 EDA 2020 |

Appeal from the PCRA Order Entered November 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005317-2008,
CP-51-CR-0005319-2008, CP-51-CR-0005320-2008,
CP-51-CR-0005321-2008, CP-51-CR-0005322-2008,
CP-51-CR-0005323-2008, CP-51-CR-0005325-2008,
CP-51-CR-0005326-2008, CP-51-CR-0005327-2008,
CP-51-CR-0005328-2008, CP-51-CR-0005329-2008,
CP-51-CR-0005330-2008, CP-51-CR-0005331-2008,
CP-51-CR-0005332-2008, CP-51-CR-0005333-2008,
CP-51-CR-0005335-2008, CP-51-CR-0005336-2008,
CP-51-CR-0011539-2008

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:    **FILED: FEBRUARY 22, 2021**

Appellant Filipe Figueroa appeals *pro se* from the November 13, 2019 order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. [1, 2, 3] After careful review, we affirm.

The PCRA court set forth the following factual and procedural history:

On September 12, 2008, [Appellant] appeared before this [c]ourt and entered into open guilty pleas for seventeen (17) counts of Robbery and seventeen (17) counts of possession of an instrument of crime ("PIC"), as docketed at CP-51-CR-0005317-2008, 0005319-2008 to 0005323-2008, 0005325-2008 to

---

[1] On February 5, 2020, this Court issued a rule to show cause why this appeal should be not quashed according to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (Pa.R.A.P. 341(a) and its Note require the filing of separate notices of appeal when a single order resolves issues arising on more than one trial court docket). Here, Appellant filed seventeen notices of appeal, each one containing eighteen docket numbers (each notice of appeal contains an additional docket number, CP-51-CR-0011539-2008, from which no appeal was taken). Each of Appellant's notices was separately date stamped and had a check mark above the docket from which the appeal was taken. In **Commonwealth v. Johnson**, 236 A.3d 1141, 1148 (Pa. Super. 2020) (*en banc*), this Court held that an appellant had complied with **Walker** where he filed four separate notices of appeal, listing the four docket numbers in each notice of appeal. Because Appellant herein complied with **Johnson**, we will not quash the instant appeal.

[2] On February 5, 2020, this Court, acting *sua sponte*, also filed an order consolidating the seventeen dockets. Order, 2/5/20.

[3] Although Appellant titled his filing a "State Writ of Habeas Corpus," an issue that is cognizable under the PCRA must be raised in a PCRA petition. Any claim is subsumed by the PCRA unless the PCRA does not provide potential recovery. **Commonwealth v. Peterkin**, 722 A.2d 638 (Pa. 1998). Here, Appellant claims he was denied "a fair guilty plea where Appellant was not in the right mind," that his sentence is excessive and unconstitutional, and that his guilty plea was "unknowing, unintelligent, and involuntary." Appellant's Brief at 6-7. These issues fall within the purview of the PCRA 42 Pa.C.S. § 9543(a)(2).

0005333-2008, and 0005335-2008 to 0005336-2008. Sentencing was deferred for consolidation with another open matter.

On November 21, 2008, [Appellant] came before this [c]ourt and entered into an open guilty plea to the charges of one (1) count of Robbery and one (1) count of PIC as docketed at CP-51-CR-0011539-2008. On that same date, this [c]ourt sentenced [Appellant] to consecutive terms of incarceration for his eighteen robbery convictions, which totaled sixty-nine to one hundred thirty-eight (69-138) years incarceration. No further penalty was imposed for [Appellant's] eighteen PIC convictions.

On December 1, 2008, [Appellant] filed a post-sentence motion for reconsideration of sentence, which this [c]ourt denied on December 16, 2008. [Appellant] appealed to the Pennsylvania Superior Court, which affirmed [Appellant's] judgment of sentence on April 23, 2010. *Commonwealth v. Figueroa,* [998 A.2d 1021,] 150 EDA 2009 [(Pa. Super. filed April 23, 2010) (unpublished memorandum)]. [Appellant] did not petition to the Pennsylvania Supreme Court for an allowance of appeal, and his judgment of sentence became final on May 24, 2010, when time for filing a petition for review in the Pennsylvania Supreme Court expired. This [c]ourt has no jurisdiction over untimely petitions.

On June 30, 2010, [Appellant] filed his first timely [PCRA] petition. On January 6, 2012, retained counsel filed an Amended PCRA petition, claiming that [Appellant's] sentence was excessive and that [Appellant] was not mentally competent to plead guilty. This [c]ourt dismissed [Appellant's] Amended PCRA petition on July 16, 2012. [Appellant] timely filed a Notice of Appeal to the Superior Court on August 14, 2012. The Pennsylvania Superior Court affirmed this [c]ourt's denial of [Appellant's] PCRA petition on October 8, 2013. *Commonwealth v. Figueroa*, [87 A.3d 877,] 2420 EDA 2012 [Pa. Super. filed October 8, 2013) (unpublished memorandum)]. On October 29, 2013, [Appellant] filed a Petition for Allowance of Appeal to the Pennsylvania Supreme Court. On April 2, 2014, the Pennsylvania Supreme Court denied the Petition for Allowance of Appeal. *Commonwealth v. Figueroa*, [89 A.3d 660,] 564 EAL 2013 [(Pa. filed April 2, 2014)].

On January 3, 2018, [Appellant] filed the instant *pro se* Petition for Writ of Habeas Corpus claiming his sentence is unconstitutional

as his consecutive, aggregate sentence is unreasonable, cruel and unusual, and that his guilty pleas were involuntary due to his mental health condition. On October 8, 2019, the Commonwealth filed a Motion to Dismiss PCRA Petition, asserting that the petition should be dismissed as untimely and the issues raised were previously litigated. On October 23, 2019, this [c]ourt entered a Notice of Intent to Dismiss pursuant to Pa. R.A.P. 907. On October 29, 2019, this [c]ourt received [Appellant's] Response [to] [t]he Court's Notice of Intent to [Dismiss]. This [c]ourt formally dismissed [Appellant's] *pro se* Writ of Habeas Corpus on November 13, 2019. On November 25, 2019, [Appellant] filed a Notice of Appeal to Superior Court. On January 9, 2020, this [c]ourt entered an Order for [Appellant] to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b).

PCRA Court Opinion, 2/6/20, at 2-4 (footnotes omitted). Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following *verbatim* question for our review:

A. Whether trial Court erred in reviewing Habeas petition as untimely PCRA petition, where Relator claiming Constitutional violations of his and due process as guaranteed by the State and Federal.

Appellant's Brief at 3.

Before we proceed to the merits of Appellant's appeal, we must determine whether it is properly before us. Pursuant to 42 Pa.C.S. § 9545(b)(1), any PCRA petition must be filed within one year of the date the judgment becomes final unless Appellant alleges and proves that the petition falls within three enumerated exceptions, specifically:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the

- 12 -

judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). The PCRA time restrictions are jurisdictional in nature; thus, "Pennsylvania courts may not entertain untimely PCRA petitions." *Commonwealth v. Watts*, 23 A.3d 980, 983 (Pa. 2011). Indeed, the jurisdictional nature of the PCRA time-limits are such that they implicate a court's power to adjudicate a controversy. *Commonwealth v. Fahy*, 737 A.2d 214, 222 (Pa. 1999).

Following his sentencing, Appellant filed a post-sentence motion on December 1, 2008, which the trial court denied on December 16, 2008. Appellant filed an appeal from the judgment of sentence, and this Court affirmed Appellant's judgment of sentence on April 23, 2010. *Commonwealth v. Figueroa*, 150 EDA 2009 (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court; thus, his sentence became final on May 23, 2010. Appellant had one

- 13 -

year from that date to file the instant PCRA petition. 42 Pa.C.S. § 9545(b)(1), Pa.R.A.P. 1113(a).

Appellant filed his PCRA petition on January 3, 2018, well beyond the one-year jurisdictional time-frame set forth in the PCRA. Appellant does not discuss or address the untimeliness of his PCRA petition in either his brief or reply brief filed with this Court. He has failed to allege that any of the enumerated exceptions to the one-year jurisdictional requirement apply in the instant case. It is well established that to invoke one of the exceptions to the one-year requirement, the petition must raise and affirmatively plead and prove the exception. ***Commonwealth v. Taylor***, 933 A.2d 1035, 1039 (Pa. Super. 2007). Appellant has failed to do so. Indeed,

> [b]ecause the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. ***See Commonwealth v. Fairiror***, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. ***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that Superior Court lacks jurisdiction to reach merits of appeal from an untimely PCRA petition).

***Commonwealth v. Lawson***, 90 A.3d 1, 8 (Pa. Super. 2014). Appellant has failed to prove any exception applies to his untimely PCRA petition; therefore,

we are unable to exercise jurisdiction and reach the merits of Appellant's appeal.[4]

      Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/21

---

[4] Further, we note that even if Appellant's petition had been timely filed, we would find the issues waived. For PCRA purposes, an issue is waived if, *inter alia*, it has been raised in a previous PCRA petition. 42 Pa.C.S. § 9544(a)(3). The instant petition is Appellant's second. Appellant filed his first PCRA petition on June 30, 2010, and filed an amended PCRA petition in January of 2011. In that petition, Appellant averred, *inter alia*, that his trial counsel was ineffective for advising and permitting Appellant to plead guilty and that the plea was involuntary for a number of reasons, including Appellant's significant mental health issues. PCRA, 10/04/11, at 9-17. The PCRA court denied Appellant's petition, and this Court affirmed the denial on appeal. ***See Commonwealth v. Figueroa***, 2420 EDA 2012 (unpublished memorandum). In Appellant's second petition, he again argues that his plea was not voluntary due to his mental health issues. State Writ of Habeas Corpus, 01/03/18. Thus, Appellant would be due no relief. ***Commonwealth v. Jordan***, 182 A.3d 1046, 1049 (Pa. Super. 2018) ("PCRA relief is not available for alleged errors raised in a PCRA petition that have been previously litigated or waived.").